IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAND ELECTRIC, LLC, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3160 |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | MEMORANDUM AND ORDER ON |
| ELECTRICAL WORKERS LOCAL 265, ) | DEFENDANTS' MOTIONS TO DISMISS |
| NATIONAL ELECTRICAL BENEFIT ) | |
| FUND, DAKOTAS & WESTERN ) | |
| MINNESOTA ELECTRICAL HEALTH & ) | |
| WELFARE FUND, INTERNATIONAL ) | |
| BROTHERHOOD OF ELECTRICAL ) | |
| WORKERS 265 VACATION FUND, ) | |
| LINCOLN ELECTRICAL JOINT ) | |
| APPRENTICESHIP & TRAINING TRUST ) | |
| FUND, TRUSTEES OF THE NATIONAL ) | |
| ELECTRICAL BENEFIT FUND, ) | |
| TRUSTEES OF DAKOTAS & WESTERN ) | |
| MINNESOTA ELECTRICAL HEALTH & ) | |
| WELFARE FUND, TRUSTEES OF ) | |
| DAKOTAS AREAWIDE IBEW-NECA ) | |
| SAVINGS AND RETIREMENT PLAN, ) | |
| TRUSTEES OF THE INTERNATIONAL ) | |
| BROTHERHOOD OF ELECTRICAL ) | |
| WORKERS 265 VACATION FUND, ) | |
| TRUSTEES OF THE LINCOLN ) | |
| ELECTRICAL JOINT APPRENTICESHIP ) | |
| & TRAINING TRUST FUND, and ) | |
| DAKOTAS AREAWIDE IBEW-NECA ) | |
| SAVINGS AND RETIREMENT PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On July 27, 2009, Plaintiff Grand Electric, LLC, filed a complaint against Defendants International Brotherhood of Electrical Workers, Local 265; National Electrical Benefit Fund; Dakotas & Western Minnesota Electrical Health & Welfare Fund; Dakotas Areawide IBEW-

1

NECA Savings and Retirement Plan; Dakotas Areawide IBEW-NECA Vacation & Holiday Plan; International Brotherhood of Electrical Workers 265 Vacation Fund; Lincoln Electrical Joint Apprenticeship & Training Trust Fund; Trustees of the National Electrical Benefit Fund; Trustees of Dakotas & Western Minnesota Electrical Health & Welfare Fund; Trustees of Dakotas Areawide IBEW-NECA Savings and Retirement Plan; Trustees of Dakotas Areawide IBEW-NECA Vacation & Holiday Plan; Trustees of International Brotherhood of Electrical Workers 265 Vacation Fund; and Trustees of Lincoln Electrical Joint Apprenticeship & Training Trust Fund. (Compl., filing 1.) The plaintiff later dismissed Defendants Dakotas Areawide IBEW-NECA Vacation & Holiday Plan and Trustees of the Dakotas Areawide IBEW-NECA Vacation and Holiday Plan from this action. (See Notice of Dismissal, filing 44.)

On October 15, 2009, Defendants Dakotas & Western Minnesota Electrical Health & Welfare Fund, Dakotas Areawide IBEW-NECA Savings and Retirement Plan, Trustees of Dakotas & Western Minnesota Electrical Health & Welfare Fund, and Trustees of Dakotas Areawide IBEW-NECA Savings and Retirement Plan filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (See filing 36.) Thereafter, Defendants International Brotherhood of Electrical Workers 265 Vacation Fund, Trustees of International Brotherhood of Electrical Workers 265 Vacation Fund, National Electrical Benefit Fund, Trustees of the National Electrical Benefit Fund, Lincoln Electrical Joint Apprenticeship & Training Trust Fund, and Trustees of Lincoln Electrical Joint Apprenticeship & Training Trust Fund joined in this motion to dismiss. (See filings 39, 46.)[1] For the following reasons, I shall deny the defendants' motions.

## I. BACKGROUND

The complaint alleges as follows. The plaintiff is a Nebraska limited liability company doing business in Lincoln, Nebraska. (Compl., filing 1, ¶ 1.) It is an "employer" within the

---

[1] Defendant International Brotherhood of Electrical Workers Local 265 is the only remaining defendant that is not a party to any of the motions to dismiss. International Brotherhood of Electrical Workers Local 265 filed an answer to the complaint on October 15, 2009. (See filing 40.)

meaning of section 3 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(5), and an "employer affecting commerce" within the meaning of section 2 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 152. (Compl., filing 1, ¶ 1.)

The International Brotherhood of Electrical Workers Local 265 (hereinafter, "Local 265") is a labor union with its principal place of business located in Lincoln, Nebraska. (Compl., filing 1, ¶ 2.)

The National Electrical Benefit Fund is an "employee benefit plan" within the meaning of ERISA, with its principal place of business in Rockville, Maryland. (Compl., filing 1, ¶ 3.) The Dakotas & Western Minnesota Electrical Health & Welfare Fund is an "employee benefit plan" within the meaning of ERISA, with its principal place of business in Fargo, North Dakota. (Compl., filing 1, ¶ 4.) The Dakotas Areawide IBEW-NECA Savings and Retirement Plan is an "employee benefit plan" within the meaning of ERISA, with its principal place of business in Fargo, North Dakota. (Compl., filing 1, ¶ 5.) The International Brotherhood of Electrical Workers 265 Vacation Fund is an "employee benefit plan" within the meaning of ERISA, with its principal place of business in Lincoln, Nebraska. (Compl., filing 1, ¶ 7.) The Lincoln Electrical Joint Apprenticeship & Training Trust Fund is an "employee benefit plan" within the meaning of ERISA, with its principal place of business in Omaha, Nebraska. (Compl., filing 1, ¶ 8.) These defendants will be referred to collectively as "the Employee Benefit Plans."

The Trustees of the National Electrical Benefit Fund are fiduciaries of the National Electrical Benefit Fund. (Compl., filing 1, ¶ 9.) The Trustees of the Dakotas & Western Minnesota Electrical Health & Welfare Fund are fiduciaries of the Dakotas & Western Minnesota Electrical Health & Welfare Fund. (Compl., filing 1, ¶ 10.) The Trustees of the Dakotas Areawide IBEW-NECA Savings and Retirement Plan are fiduciaries of the Dakotas Areawide IBEW-NECA Savings and Retirement Plan. (Compl., filing 1, ¶ 11.) The Trustees of the International Brotherhood of Electrical Workers 265 Vacation Fund are fiduciaries of International Brotherhood of Electrical Workers 265 Vacation Fund. (Compl., filing 1, ¶ 13.) The Trustees of the Lincoln Electrical Joint Apprenticeship & Training Trust Fund are fiduciaries of the Lincoln Electrical Joint Apprenticeship & Training Trust Fund. (Compl., filing 1, ¶ 14.) These defendants will be referred to collectively as "the Trustees."

Since approximately four years ago, the plaintiff "had been a signatory to an inside collective bargaining agreement with Local 265." (Compl., filing 1, ¶ 22.) The plaintiff "has also been a signatory to a sound and communications collective bargaining agreement with Local 265" since April 13, 2009. (Id. ¶ 23.) Both collective bargaining agreements are alleged to be governed by section 8(f) of the LMRA. (See id. ¶¶ 22-23.) See also 29 U.S.C. § 158(f). The terms of both agreements require the plaintiff to submit "fringe benefit contributions" to the Employee Benefit Plans and the Trustees "each month in . . . amounts determined by the number of hours of covered work performed by Grand Electric employees at the rates established in the collective bargaining agreements." (Id. ¶ 24.)

On July 23, 2009, the plaintiff sent letters to Local 265 repudiating both of the collective bargaining agreements. (See Compl., filing 1, ¶¶ 27-28, 35-36; see also Index of Evidence, filing 2, Exs. 3-4.) The plaintiff alleges that it repudiated the agreements because it "employs one (1) or fewer electrical workers or members of Local 265" in the "inside" and "sound and communication" bargaining units and "has no plans or intentions to hire additional electrical workers or anyone else to perform work within the . . . bargaining unit[s] in the future." (Compl., filing 1, ¶¶ 26-27, 34-35.) The plaintiff also alleges that, because these collective bargaining agreements were "properly and effectively repudiated on July 24, 2009, any obligation Grand Electric had to submit fringe benefit contributions to [the Employee Benefit Plans and the Trustees] ended as of that date." (Compl., filing 1, ¶¶ 32, 40.) The plaintiff states that it brought the instant action to obtain a declaration that both of the collective bargaining agreements were "properly and effectively repudiated and no longer in effect as of July 24, 2009[,] and that any obligation that Grand Electric had to submit fringe benefit contributions to [the Employee Benefit Plans and the Trustees] ended as of July 24, 2009." (Id. ¶¶ 33, 41.)

The plaintiff alleges that this court has jurisdiction over the complaint pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 185; 29 U.S.C. §§ 1132 and 1145; and 28 U.S.C. § 2201. (Compl., filing 1, ¶ 17.)

The Employee Benefit Plans and the Trustees have filed motions to dismiss the plaintiff's claims against them, arguing that this court lacks subject matter jurisdiction over the claims and that the complaint fails to state a claim upon which relief may be granted. (See Defs.' Br., filing

4

37, at 1; see also filings 39 and 46.)

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (citations and internal quotation marks omitted). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility,'" but a complaint should not be dismissed merely because "actual proof of the facts alleged is improbable." Id. (citations omitted). Although the court must take the plaintiff's factual allegations as true when considering a Rule 12(b)(6) motion to dismiss, "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may properly be set aside." Id. (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. See, e.g., Stalley v. Catholic Health Initiatives, 509 F.3d 517, 520-21 (8th Cir. 2007); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In the instant case, the defendants argue that the complaint's jurisdictional allegations are facially deficient. (See Defs.' Br., filing 37, at 4-7.) Under these circumstances, the standard of review is the same standard that applies to motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6): I must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and I must determine whether the plaintiff has asserted "facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley, 509 F.3d at 521 (citations omitted).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

The Employee Benefit Plans and the Trustees (hereinafter "the defendants") argue first that, to the extent that the plaintiff's claims against them are based on ERISA, jurisdiction over them is lacking. More specifically, after noting that ERISA § 502 allows participants, beneficiaries, or fiduciaries to bring civil actions, the defendants state,

> [The plaintiff] does not claim to be a participant, beneficiary or a fiduciary. Rather it admits that it is an employer, and [it] asserts no allegations which could reasonably be construed to establish that Grand Electric is a participant, beneficiary, or a fiduciary. Grand Electric is therefore not one of the parties authorized to file suit under 29 U.S.C. § 1132(a) and the District Court has no jurisdiction over Plaintiff's claims pursuant to the plain language of 29 U.S.C. § 1132(e).

(Defs.' Br., filing 37, at 5-6.) The defendants add that, because the plaintiff "has failed to establish this court has jurisdiction over any of its claims under ERISA . . . 28 U.S.C. § 1331 also fails to establish jurisdiction." (Id. at 6-7.) Finally, the defendants submit that the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not provide Plaintiff with an independent route into the federal courts absent substantive jurisdiction over an underlying federal claim." (Defs.' Br., filing 37, at 7.)

In response, the plaintiff states that it "disputes Defendants' position," but it offers no argument that ERISA or the Declaratory Judgment Act provide a basis for this court to exercise jurisdiction over its claims against the Employee Benefit Plans and Trustees. (Pl.'s Response Br., filing 43, at 3-4.) Instead, it argues that because 29 U.S.C. § 185(c) provides this court with jurisdiction over the plaintiff's claims against Local 265, this court should exercise supplemental jurisdiction over the plaintiff's "related claims" against the Employee Benefit Plans and Trustees. (Pl.'s Response Br., filing 43, at 4-5.)

I turn first to the plaintiff's argument that this court should exercise supplemental jurisdiction over the claims against the Employee Benefit Plans and the Trustees because those claims "form part of the same case or controversy" as the plaintiff's LMRA claims against Local 265.

"The burden of establishing that a cause of action lies within the limited jurisdiction of

the federal courts is on the party asserting jurisdiction." Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). Pursuant to 28 U.S.C. § 1367, this court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," subject to certain exceptions. "[T]o establish supplemental jurisdiction, the 'claims within the action' must 'derive from a common nucleus of operative fact.'" Auto-Owners Ins. Co. v. Tribal Court of the Spirit Lake Indian Reservation, 495 F.3d 1017, 1024 (8th Cir. 2007) (quoting Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005)). "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (citation omitted).

     In this case, the plaintiff does not argue specifically that its LMRA claims against Local 265 and its claims against the other defendants "derive from a common nucleus of operative fact." Instead, it argues that the claims against Local 265, the Employee Benefit Plans, and the Trustees "are interrelated and interdependent." (Pl.'s Response Br., filing 43, at 5.) The claims are interrelated and interdependent, according to the plaintiff, because "the dispute between Grand Electric and Local 265 directly impacts any continuing obligations that Grand Electric may have" to the Employee Benefit Plans and the Trustees. (Id.) This is so, the plaintiff argues, because "Grand Electric's obligation to submit fringe benefit contributions to [the Employee Benefit Plans and the Trustees] 'arose solely from Grand Electric's participation in the collective bargaining agreements.'" (Id.) Later in its own brief, however, the plaintiff argues that "the existence of a valid CBA is not a requisite for an ERISA claim" that the Employee Benefit Plans and the Trustees might bring to attempt to recover "unpaid fringe benefit contributions." (Id. at 7 (quoting International Brotherhood of Electrical Workers Local Union No. 22/N.E.C.A. Health and Welfare Trust Fund v. Genesis Electrical Services, Inc., No. 8:08CV43, at *12 (D. Neb. Oct. 3, 2008)).[2] In Genesis Electrical Services, Magistrate Judge Thalken observed that the

---

[2]The plaintiff has included a copy of Magistrate Judge Thalken's opinion in Genesis Electrical Services in its index of evidence. (See filing 45, Ex. 1.)

employer's "repudiation of the [collective bargaining] agreements based on its one-employee unit status may relieve the [employer] of its obligation to negotiate with the [union], however it does not relieve the defendant of its contractual obligations regarding the plaintiff benefit funds." No. 8:08CV43, at *11 (citing, inter alia, Berry v. Garza, 919 F.2d 87 (8th Cir. 1990)). It seems to me that the plaintiff's LMRA claims against Local 265 and its claims against the remaining defendants are not, in fact, as "interrelated and interdependent" as the plaintiff suggests. Moreover, I find that the plaintiff has failed to establish that all of its claims derive from a common nucleus of operative fact. In short, I am not persuaded that the plaintiff's claims against the Employee Benefit Plans and the Trustees fall within this court's supplemental jurisdiction.

It is not clear, however, whether these claims fall within this court's "federal question" jurisdiction. District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the defendants correctly note, the Declaratory Judgment Act "is a procedural statute, not a jurisdictional statute," and "federal jurisdiction is proper only if this case comes within an express congressional grant of jurisdiction." State of Missouri ex rel. Missouri Highway and Transportation Commission v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997). In other words, "the Declaratory Judgment Act itself does not provide independent jurisdictional footing," Boeing Co. v. March, 656 F. Supp. 2d 837, 843 (N.D. Ill. 2009), and the plaintiff "must also invoke federal substantive law for there to be [federal question] jurisdiction," Gaming World International, Ltd., v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003). The defendants also correctly note that the plaintiff has not alleged that it is an entity that falls within ERISA's jurisdiction provision (e.g., a participant, beneficiary, or fiduciary). See 29 U.S.C. § 1132(e). According to the defendants, the fact that the plaintiff is not one of the entities listed in § 1132(e) establishes that the plaintiff's claims lack the requisite "independent jurisdictional footing" for federal question jurisdiction. However, "[s]ince this is a suit seeking a declaratory judgment, there is an additional twist to the jurisdictional inquiry." Cuffley, 112 F.3d at 1135. "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." Oglala Sioux

Tribe v. C & W Enterprises, Inc., 487 F.3d 1129, 1131 (8th Cir. 2007) (quoting Public Service Commission of Utah v. Wycoff Co., Inc., 344 U.S. 237, 248 (1952)).  Put more simply, "If a declaratory judgment action requires resolution of an issue of federal law or precludes the assertion of a federal right by a responding party, there is jurisdiction over it."  Gaming World International, Ltd., 317 F.3d at 847.

  The parties' briefs do not address this "twist to the jurisdictional inquiry," but I find that it is squarely implicated in this case.[3]  It seems to me that I ought to receive the parties' arguments about this issue before making a ruling.  Cf. Kaur v. Makhan Shan Lubana Trust, No. 4:08CV3216, 2009 WL 1288961 (D. Neb. May 5, 2009) (finding that the plaintiffs should be given an opportunity to respond to a jurisdictional question that was raised by the court sua sponte).  I shall therefore allow the defendants fourteen days from the date of this memorandum and order to file a supplemental brief on the question of subject matter jurisdiction.  This brief should address whether jurisdiction is proper on the ground that the plaintiff's declaratory judgment action 1) asserts, in essence, a defense to an impending or threatened action that arises under federal law, or 2) precludes the assertion of a federal right by the Employee Benefit Plans or Trustees.[4]  The plaintiff may file a response to the defendants' brief within seven days of the date of the filing of the defendants' brief, or, in the event that the defendants fail to file a supplemental brief, the plaintiff may file a supplemental brief within 21 days of the date of this order.  No further briefing will be accepted in the absence of a request for leave to file an

---

[3]I note parenthetically that the Employee Benefit Plans and Trustees have stated, in their reply brief, that they "could theoretically" or "potentially" assert ERISA claims against the plaintiff pursuant to 29 U.S.C. § 1145.  (See Defs.' Reply Br., filing 48, at 4-6.)

[4]Although the defendants' brief does not directly address these questions, I note that one of the authorities cited therein does so.  See D & F Corp. v. Board of Trustees of Pattern & Model Makers Assoc. of Warren & Vicinity Defined Benefit Pension Plan, 795 F. Supp 825 (E.D. Mich 1992).  This court's analysis of the "threatened action" issue is based on an interpretation of Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), that has not been universally adopted.  Compare D & F Corp., 795 F. Supp. at 832-33 with Boeing Co. v. March, 656 F. Supp. 2d 837, 843-45 (N.D. Ill. 2009).  Because 1) the issue was not addressed by the parties, 2) there appears to be no controlling authority on this issue, and 3) the courts that have addressed the issue have reached opposing conclusions, supplemental briefing is in order.

additional brief.  If no supplemental briefs are filed, I shall proceed to address the issue of subject matter jurisdiction based on the pleadings and the briefs presently on file.

### B.     Standing

The defendants also argue that the plaintiff lacks standing, under both ERISA and Article III of the Constitution, to bring its claims against the Employee Benefit Plans and the Trustees. (See Defs.' Br., filing 37, at 7-9.)  According to the defendants, the plaintiff lacks statutory standing under ERISA because it is not a participant, beneficiary, or fiduciary, (see id. at 7-8 (citing, inter alia, 29 U.S.C. § 1132(a))), and it lacks Article III standing because it has not alleged that the defendants "have sought contributions from Plaintiff, threatened to seek contributions from Plaintiff, nor any other facts to suggest a claim by Defendants against it is imminent," (see id. at 8).

Although the questions of statutory and Article III standing are distinct from one another, it seems to me that they are also both closely related to the issue of federal question jurisdiction that remains to be addressed in this case.  If, for example, this court does in fact have jurisdiction under ERISA to resolve an impending or threatened complaint by the Employee Benefit Plans and the Trustees seeking unpaid contributions from the plaintiff, the plaintiff might be able to use the Declaratory Judgment Act to "piggyback" on the Employee Benefit Plans' and the Trustees' standing to sue under ERISA.  See, e.g., Boeing Co. v. March, 656 F. Supp. 2d 837, 845 (N.D. Ill. 2009).  Also, the question of Article III standing may turn upon the existence of such an impending or threatened action.  See, e.g., County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) ("In order to demonstrate standing, a plaintiff must demonstrate that he has suffered an injury or a threatened injury.").  Under the circumstances, I shall defer ruling upon the questions of statutory and Article III standing until after the parties have had an opportunity to file supplemental briefs.

**IT IS ORDERED** that final resolution of the defendants' motions to dismiss, filings 36, 39, and 46, is deferred until, in accordance with the schedule for supplemental briefing outlined in the memorandum accompanying this order, the parties have had an opportunity to file supplemental briefs.

Dated January 25, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge