IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAND ELECTRIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3160 |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 265, NATIONAL ELECTRICAL BENEFIT FUND, DAKOTAS & WESTERN MINNESOTA ELECTRICAL HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 265 VACATION FUND, LINCOLN ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF DAKOTAS & WESTERN MINNESOTA ELECTRICAL HEALTH & WELFARE FUND, TRUSTEES OF DAKOTAS AREAWIDE IBEW-NECA SAVINGS AND RETIREMENT PLAN, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 265 VACATION FUND, TRUSTEES OF THE LINCOLN ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, and DAKOTAS AREAWIDE IBEW-NECA SAVINGS AND RETIREMENT PLAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | SECOND MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS |
| Defendants. | ) ) | |

On January 25, 2010, I granted Plaintiff Grand Electric, LLC, and Defendants Dakotas & Western Minnesota Electrical Health & Welfare Fund, Dakotas Areawide IBEW-NECA Savings and Retirement Plan, Trustees of Dakotas & Western Minnesota Electrical Health & Welfare

Fund, Trustees of Dakotas Areawide IBEW-NECA Savings and Retirement Plan, International Brotherhood of Electrical Workers 265 Vacation Fund, Trustees of International Brotherhood of Electrical Workers 265 Vacation Fund, National Electrical Benefit Fund, Trustees of the National Electrical Benefit Fund, Lincoln Electrical Joint Apprenticeship & Training Trust Fund, and Trustees of Lincoln Electrical Joint Apprenticeship & Training Trust Fund (hereinafter "the defendants")[1] an opportunity to supplement their previously-filed briefs on the issue of subject matter jurisdiction. (See Mem. & Order on Defs.' Mot. to Dismiss, filing 55, at 9-11.) More specifically, I called for briefing of the following issue: "whether jurisdiction is proper on the ground that the plaintiff's declaratory judgment action 1) asserts, in essence, a defense to an impending or threatened action that arises under federal law, or 2) precludes the assertion of a federal right by the Employee Benefit Plans or Trustees." (Id. at 9 (footnote omitted).) Those briefs have now been filed, (see filings 56-58), and I shall now complete my analysis of the defendants' motions to dismiss, (see filings 36, 39, 46).

## I. BACKGROUND AND STANDARD OF REVIEW

The relevant background is set forth in my memorandum of January 25, 2010, and need not be repeated here. (See Mem. & Order on Defs.' Mot. to Dismiss, filing 55, at 2-5.)

As I noted in the memorandum of January 25, 2010, the defendants' motion to dismiss raises a facial jurisdictional attack. (See Mem. & Order on Defs.' Mot. to Dismiss, filing 55, at 5.) When analyzing a challenge to the facial sufficiency of a complaint's allegations, I must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and I must determine whether the plaintiff has asserted "facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citations omitted).

---

[1] Another defendant, International Brotherhood of Electrical Workers Local 265 (Local 265), is not a party to the motions to dismiss filed by the other defendants, but remains involved in this action. The term "the defendants," as it is used in this memorandum, should be understood to exclude Local 265 unless otherwise indicated.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

After carefully considering the parties' briefs, I find that this court has subject matter jurisdiction over the plaintiff's claim against the defendants because the plaintiff's "declaratory judgment action requires resolution of an issue of federal law [and] precludes the assertion of a federal right by a responding party." Gaming World International, Ltd., v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 19 (1983); 10B Charles Alan Wright et al., Federal Practice and Procedure § 2767 (3d ed. 1998)). The complaint states that the plaintiff seeks a declaration "that any obligation that Grand Electric had to submit fringe benefit contributions to [the defendants] terminated on July 24, 2009." (Compl., filing 1, at page 9.) The defendants concede that, should the plaintiff cease to make certain contributions, the defendants "could have a claim against Plaintiff for delinquent contributions." (Filing 56 at 4. See also id. at 3.) Furthermore, the defendants concede that their claim would be based on ERISA section 515, which states,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

(Filing 56 at 4 (quoting 29 U.S.C. § 1145).) It appears, then, that the plaintiff's declaratory judgment action will require resolution of an issue of federal law (i.e., whether the defendants can recover contributions owed under collective bargaining agreements pursuant to ERISA sections 502(g)(2) and 515). It also appears that if the plaintiff obtains the declaration it seeks, the defendants may be precluded from asserting a federal right (i.e., a right to recover certain contributions under ERISA).

In sum, if the defendants had filed suit against the plaintiff over the subject matter alleged in the complaint, their claim would arise under ERISA. Moreover, the plaintiff's claim against the defendants retains the federal character of the ERISA claim that could be brought by the

defendants against the plaintiff.[2]  I find, therefore, that the underlying controversy arises under federal law, and that this court has subject matter jurisdiction over the plaintiff's claim against the defendants.

The defendants argue that even though they could bring an ERISA claim against the plaintiff if the plaintiff ceases to make contributions, jurisdiction is lacking because the defendants' potential ERISA claim "is not dependent upon Plaintiff losing the current Declaratory Judgment action asserted against IBEW Local 265." (Filing 56 at 4.) They state,

> [R]egardless of claims of majority status or voidable contracts with the union, plans may enforce the agreements as written and for the term of the stated agreement. As applied to this lawsuit, whether Plaintiff's allegations concerning employment of one or fewer employees results in the abrogation of the IBEW Local 265 contract[s] does not preclude assertion of Defendant's rights under § 502 of ERISA. Accordingly, Plaintiff's request for declaratory judgment does not preclude the assertion of Defendants' federal right to collect delinquent contributions and therefore is not a proper basis for jurisdiction in this action.

(Id. at 5 (citation omitted).) In short, the defendants argue that because the success of their potential ERISA claim against the plaintiff is independent from the success of the plaintiff's claim for a declaratory judgment against Local 265, the plaintiff's declaratory judgment action does not "preclude[] the assertion of a federal right by a responding party." Gaming World International, Ltd., v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003).

It is true that the plaintiff seeks a declaratory judgment against Local 265. Specifically, the plaintiff seeks a declaration that the "inside" and the "sound and communications" collective

---

[2]This case is therefore distinguishable from Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 21 (1983), wherein the Court explained that ERISA's "express grant of federal jurisdiction" does "not go so afar as to provide that any suit against [the parties named in ERISA's jurisdictional statute] must also be brought in federal court when they themselves did not choose to sue." Because the complaint in Franchise Tax Board presented "a State's suit for a declaration of the validity of state law," the Court held that the suit "is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction . . . to convince us that . . . such a suit is not within the original jurisdiction of the United States district courts"–even though the suit would require an interpretation of ERISA. Id. at 21-22. Here, in contrast, the underlying dispute–i.e., whether contributions are owed to the defendants in the wake of the repudiation of the collective bargaining agreements–appears to be entirely a federal question regardless of the alignment of the parties.

bargaining agreements "were properly and effectively repudiated and no longer in effect as of July 24, 2009." (Compl., filing 1, at page 9.) I am also inclined to agree with the defendants' argument that the plaintiff could prevail on its claim against Local 265 without necessarily prevailing on its claim against the remaining defendants. (See Mem. & Order on Defs.' Mot. to Dismiss, filing 55, at 7-8 (discussing International Brotherhood of Electrical Workers Local Union No. 22/N.E.C.A. Health and Welfare Trust Fund v. Genesis Electrical Services, Inc., No. 8:08CV43 (D. Neb. Oct. 3, 2008)).) As explained above, however, the plaintiff does not seek a declaratory judgment only against Local 265; it also seeks a declaratory judgment that its obligation to make contributions to the Employee Benefit Plans and the Trustees ended on July 24, 2009. If the plaintiff obtains the latter declaration, the defendants would be precluded from bringing their ERISA claim to recover unpaid contributions. I must therefore reject the defendants' argument that the plaintiff's declaratory judgment action does not preclude the defendants from asserting a federal right.

   The defendants also argue that the plaintiff "has failed to state a claim sufficient to justify jurisdiction on the basis of an alleged impending or threatened action." (See filing 56 at 2-3.) It is true that the complaint does not allege that the defendants have threatened to take legal action against the plaintiff, nor does it allege that legal action by the defendants against the plaintiff is impending. I do not find that the absence of such allegations defeats jurisdiction, however, because the complaint seeks a declaration that would resolve an issue of federal law between the parties and would preclude the defendants from asserting a right to recover contributions under ERISA. See Gaming World International, Ltd., v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003) (citing, inter alia, 10B Charles Alan Wright et al., Federal Practice and Procedure § 2767 (3d ed. 1998)).

   For the foregoing reasons, I find that the plaintiff's claim against the defendant falls within this court's subject matter jurisdiction.

### B. Standing

   The defendants argue that the plaintiff lacks standing–under both ERISA and Article III of the Constitution–to bring its claims against the defendants. (See Defs.' Br., filing 37, at 7-9.)

5

I shall address the question of statutory standing first.

Citing Hastings v. Wilson, 516 F.3d 1055 (8th Cir. 2008), the defendants argue that the plaintiff lacks statutory standing because the plaintiff is not a participant, beneficiary or fiduciary of an ERISA plan. (Defs.' Br., filing 37, at 7.) In Hastings, the Eighth Circuit stated,

> "To bring a civil action under ERISA, a plaintiff must have . . . statutory standing." To have statutory standing under ERISA for a breach of fiduciary duty claim, a plaintiff must be "a participant, beneficiary or fiduciary" of the ERISA plan. 29 U.S.C. § 1132(a)(2). Hastings and Karpiuk, as IAM members, have not alleged that they were participants, beneficiaries or fiduciaries of the Pilot Plan. Therefore, Hastings and Karpiuk lack standing over their claims that the NWA Defendants and the Pilot Defendants breached their fiduciary duties to Pilot Plan participants and beneficiaries.

516 F.3d at 1060-61 (citations omitted).

Here, as in Hastings, there is no allegation that the plaintiff is a participant, beneficiary, or fiduciary of an ERISA plan. It is clear, therefore, that the plaintiff lacks independent statutory standing to sue under ERISA section 502. Unlike Hastings, however, the instant case is a declaratory judgment action. Thus, to resolve the question of statutory standing, I look to the underlying controversy to determine whether the defendants would have standing under ERISA to bring the claim against the plaintiff. See, e.g., Prudential Ins. Co. of America v. Doe, 76 F.3d 206, 207-08, 210 (8th Cir. 1996); Boeing Co. v. March, 656 F. Supp. 2d 837, 842-46 (N.D. Ill. 2009) (explaining that the defendants' standing to bring the underlying claim is critical to establishing the jurisdictional basis for the plaintiff's claims, and that the plaintiff may "piggyback" on the defendants' standing if the defendants do in fact have standing). Citing 29 U.S.C. § 1132 and 1145, the plaintiff alleges in its complaint that it has no obligation to continue to submit contributions to the defendants after it repudiated the collective bargaining agreements on July 24, 2009. (See, e.g., Compl., filing 1, ¶¶ 17, 19, 31-33, 39-41.) The plaintiff also alleges that the defendants are either "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3) that may "sue or be sued" pursuant to 29 U.S.C. § 1132(d), or are fiduciaries within the meaning of 29 U.S.C. § 1002(21). (See Compl., filing 1, ¶¶ 3-14.) The defendants do not argue that they would not have standing to bring a claim for delinquent contributions against the plaintiff pursuant to 29 U.S.C. §§ 1132 and 1145. (See generally Defs.' Br., filing 37; Defs.'

Reply Br., filing 48.)  But see 29 U.S.C. § 1132(g)(2); Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 542 n.3 (1988) ("The named parties are the plans, rather than the trustees, but the relevant statute refers to an action 'by a fiduciary for or on behalf of a plan.'").  I therefore find that the defendants would have standing to bring an ERISA claim for unpaid contributions, and the plaintiff has standing to bring its declaratory judgment action against the defendants.  See Prudential Ins. Co. of America, 76 F.3d at 207-08; March, 656 F. Supp. 2d at 842-45.

      As I noted above, the defendants also argue that the plaintiff lacks Article III standing to bring its claim against the defendants.  (See Def.'s Br., filing 37, at 8-9.)  More specifically, the defendants argue that the complaint fails to "allege any facts which would suggest that there is a cognizable case or controversy between Plaintiff and Defendants."  (Id. at 8.)  I disagree.

      "Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies."  Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000). The "case and controversy" requirement of Article III is the same as the "actual controversy" requirement of the Declaratory Judgment Act.  See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007) (quoting Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239-40 (1937)); County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004) ("The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." (Citation omitted)).  See also 28 U.S.C. § 2201(a).  In order to satisfy the "actual controversy" requirement of the Declaratory Judgment Act, "the dispute [must] be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and [must] be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  MedImmune, Inc., 549 U.S. at 127 (citation omitted).  See also Benjamin, 361 F.3d at 463.  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc., 549 U.S. at 127 (citation omitted).

      I find that there is an actual controversy between the plaintiff and the defendants in this

case. The parties have adverse legal interests concerning the contributions that the plaintiff has been making to the defendants, and there is a definite, concrete, and immediate dispute about the plaintiff's obligation to continue to make the contributions. Also, this court can enter a judgment that would not merely advise the parties "what the law would be upon a hypothetical state of facts," but would conclusively resolve the disputed issue. Also, to the extent that the defendants claim that there is no case or controversy because the plaintiff has continued to make the contributions that are the subject of the underlying dispute, (see Def.'s Br., filing 37, at 8), I reject their argument, cf. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007).

**IT IS ORDERED** that the defendants' motions to dismiss, filings 36, 39, and 46, are denied.

Dated March 1, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge