IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAND ELECTRIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3160 |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 265, NATIONAL ELECTRICAL BENEFIT FUND, DAKOTAS & WESTERN MINNESOTA ELECTRICAL HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 265 VACATION FUND, LINCOLN ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF DAKOTAS & WESTERN MINNESOTA ELECTRICAL HEALTH & WELFARE FUND, TRUSTEES OF DAKOTAS AREAWIDE IBEW-NECA SAVINGS AND RETIREMENT PLAN, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 265 VACATION FUND, TRUSTEES OF THE LINCOLN ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, and DAKOTAS AREAWIDE IBEW-NECA SAVINGS AND RETIREMENT PLAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

IT IS ORDERED,

The court adopts the terms and conditions of the Stipulated Protective Order (filing no. 114), with the exception of the following: Paragraphs two (2) and six (6) of the proposed Stipulated Protective Order are stricken in their entirety and replaced with the following:

2.   <u>Confidential Documents/Material.</u>   As used herein, the term "Confidential Material" shall mean "confidential personal financial information and personal bank records, documents, materials, trade secrets, or proprietary information designated by a party in good faith to be confidential."  The following information is also considered Confidential Material and/or Confidential Information, if so designated:  (1) customer and client names, lists and contact information; (2) employee and owner social security numbers and contact information; and (3) employee medical information that may be included in personnel files.  A party may designate any document, including interrogatory responses, other discovery responses, or transcripts, to be "Confidential" that it in good faith contends to constitute or contain Confidential Material, Confidential Information, trade secrets or proprietary information.

Each party shall designate such material it deems "Confidential" in the following manner: (1)  By marking all documents with the designation "Confidential."  In lieu of marking a document with the designation "Confidential," the producing party can produce written documentation in which it identifies the documents it designates "Confidential;" (2) All deposition transcripts shall be confidential for a period of thirty (30) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be "Confidential" shall be treated as confidential.  The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages confidential.  In any

deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless it is filed as provided in Paragraph 6 of this Stipulated Protective Order.

Expert reports and/or summaries containing Confidential Information shall be automatically deemed confidential if the information used to prepare the expert reports and/or summaries included Confidential Materials and/or Confidential Information. An expert report may avoid a Confidential designation if the expert report avoids specifically referencing confidential information and/or replaces confidential information with non-confidential descriptions. (i.e., Residential Project No. 1 or Client No. 2).

6.     (a) In the event a receiving party wishes to use any "Confidential" information or materials in any affidavits, briefs, memoranda of law, deposition transcripts, or other papers filed with the Court in this lawsuit, the party submitting the information to the court shall electronically file a motion to file restricted access documents and file the documents as restricted access documents using the court's Case Management/Electronic Case Filing system (CM/ECF). The motion shall state the restricted access documents filed contain "Confidential" information which is subject to an agreed protective order between the parties, and not to be placed on the public docket except upon order of the court.

(b) Documents filed by counsel on CM/ECF as restricted access documents can be accessed and viewed by the attorneys of record and the court, but not by the general public. Once the motion to file as restricted access documents is granted, these documents will continue to be accessible for viewing by only the court and the attorneys of record during the pendency of this case and after its conclusion.

(c)  This paragraph does not apply to exhibits offered at a hearing or trial.  Any Party shall be entitled to seek a protective order concerning "Confidential" material to be introduced in such a proceeding as it deems reasonable and/or necessary to protect disclosure of such information to the public.  No later than fourteen (14) days before the date of any hearing or trial, a receiving Party shall advise a producing Party in writing of any "Confidential" material he or she intends to use in such proceeding to afford the producing Party an opportunity to seek a protective order.

DATED this 30th day of July, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*

United States Magistrate Judge